NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1183, -1204, -1238

MPT, INC.

Plaintiff-Cross Appellant,

v.

MARATHON LABELS, INC.,

Defendant-Appellant,

and

POLYMERIC CONVERTING, LLC,

Defendant-Appellant.

Thomas H. Shunk, Baker & Hostetler LLP, of Cleveland, Ohio, argued for plaintiff-cross appellant. With him on the brief was David E. Kitchen.

Bruce H. Wilson, of Akron, Ohio, argued for defendants-appellant, Marathon Labels, Inc.

James V. Costigan, Hedman & Costigan, P.C., of New York, New York, argued for defendants-appellant, Polymeric Converting, LLC. With him on the brief was Kathleen A. Costigan.

Appealed from: United States District Court for the Northern District of Ohio

Judge Patricia A. Gaughan

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1183, -1204, -1238

MPT, INC.,

Plaintiff-Cross Appellant,

v.

MARATHON LABELS, INC.,

Defendant-Appellant,

and

POLYMERIC CONVERTING, LLC,

Defendant-Appellant.

_____

DECIDED:  December 12, 2007

_____

Before SCHALL and MOORE, <u>Circuit Judges</u>, and MORAN, <u>District Judge</u>.[*]

MOORE, <u>Circuit Judge</u>.

Marathon Labels, Inc. and Polymeric Converting, LLC (Defendants) appeal the judgment of the United States District Court for the Northern District of Ohio raising a myriad of issues.  <u>See MPT, Inc. v. Marathon Labels, Inc.</u>, 505 F. Supp 2d. 401 (N.D. Ohio 2007).  MPT, Inc. (MPT), the patentee, cross-appeals the district court's grant of Defendants' post-trial motion for judgment as a matter of law of no willful infringement.

_____

[*]	Honorable James B. Moran, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

Because we determine that the district court abused its discretion in granting a permanent injunction that prohibits certain non-infringing sales, but rendered proper judgment in all other respects, we affirm-in-part, reverse-in-part, and remand.

## BACKGROUND

MPT brought a patent infringement action against Marathon and Polymeric based on two MPT method patents. After a two week trial, the jury returned a verdict that Defendants had contributed to infringement of the claims, that Marathon had induced infringement of all of the claims at issue, and that their infringement was willful. The district court granted a permanent injunction on behalf of MPT, and granted judgment as a matter of law overturning the jury verdict of willful infringement. See id. at 420-23.

## DISCUSSION

We review a district court's grant of a permanent injunction and the scope of that injunction for abuse of discretion. Joy Techs., Inc. v. Flakt, Inc., 6 F.3d 770, 772 (Fed. Cir. 1993). The district court entered an injunction:

[P]ermanently enjoining Defendants, their employees, officers, agents, and those acting in concert therewith from:

a. Using within the United States the Smart Surface Placard or any products that are not colorably different from the Smart Surface Placard;

b. Selling or offering to sell within the United States the Smart Surface Placard or any products that are not colorably different from the Smart Surface Placard; or

c. Importing into the United States the Smart Surface Placard or any products that are not colorably different from the Smart Surface Placard;

for the effective period of the longer of the '790 and '164 patents to remain in effect.

At the outset, it must be acknowledged that the MPT patents in suit were method of use patents, not apparatus patents. The injunction as written prohibits all sales of the Smart Surface Placard (SSP), (the apparatus) even those to resellers who sell the apparatus for use outside the United States. None of the parties contend there is infringement for sales of the SSP to Mexico, or for sales of the SSP to a reseller in the United States who resells the SSP in Mexico. The patentee has repeatedly stated before this court and the district court that sales of Defendants' SSP for use outside the United States do not infringe the MPT method patents. Given the parties' admissions, the district court's injunction is overly broad and therefore an abuse of discretion. Given the parties' admissions, the district court should not enjoin sales of the SSP to locations outside the United States, and should not enjoin sales of the SSP to resellers who sell to locations outside the United States. Therefore, we reverse the grant of the injunction as written and remand for further proceedings.

This court affirms all other issues that are appealed.